CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 15 2005
JOHN F. CORCORAN, CLERK
BY: H McDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM SHABAZZ HINES,<br>Petitioner, | Civil Action No. 7:04-cv-00594 |
| v. | **MEMORANDUM OPINION** |
| CITY OF STAUNTON POLICE<br>DEPARTMENT, et al.,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner, Malcolm Shabazz Hines, a Virginia inmate proceeding pro se, brings this civil action pursuant to 42 U.S.C. §1983 with jurisdiction vested under 28 U.S.C. §1343. The plaintiff alleges violations of his Fifth, Sixth, and Seventh Amendment rights by the defendants. The alleged violations stem from a restraining order issued by the District Court of Staunton that froze two of the plaintiff's bank accounts in conjunction with his arrest for distribution of cocaine. As relief, Hines seeks seventeen million dollars and the termination of employment of Officers Scott Bird and Chris Kincheloe from the Staunton Police Department, hereinafter "SPD."

Defendants have filed a motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion might result in summary judgment being granted for the defendants. Plaintiff filed a response to the defendants' motion, thus making the matter ripe for disposition.

The defendants assert that the plaintiff has not stated a claim upon which relief can be granted. Furthermore, the defendants state that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. After reviewing the record in its entirety, I find that the defendants are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure..

I.  STATEMENT OF FACTS

1

Malcolm Hines pled guilty to charges that he sold 0.268 grams and 0.364 grams of crack cocaine to an informant for the SPD on January 9 and 10, 2003, respectively, in violation of Virginia Code § 18.2-248.. The transactions were monitored through electronic surveillance by Officers Scott Bird and Chris Kincheloe, hereinafter "officers," both employees of the SPD. The officers were located outside the residence where the transactions took place and overheard the transactions by means of electronic surveillance.

On March 10, 2003, the Magistrate for the Circuit Court for the City of Staunton, V.L. Hailey, issued a search warrant authorizing a search of Malcolm Hines' person. Officers Bird and Kincheloe executed the search warrant on March 21, 2003. The officers found seventeen individual baggies containing a total of 5.483 grams of crack cocaine. The officers charged Hines with possession of a controlled substance with intent to distribute in violation of Virginia Code § 18.2-248. Hines was simultaneously served with summonses for the two earlier distribution offenses.

Following the Hines' arrest on March 21, 2003, Officers Bird and Kincheloe retrieved various items from the plaintiff's wallet and car, which included a Visa check card and five pages of bank receipts. The bank receipts indicated that the plaintiff had in excess of $22,000 in two separate bank accounts. The officers then discussed the matter with their supervisor at the SPD. Upon the recommendation of their supervisor, the officers contacted the Commonwealth's Attorney's Office. After the officers described the plaintiff's arrest and the materials found in the plaintiff's possession and in his vehicle, an Assistant Commonwealth Attorney prepared a proposed order prohibiting CommonWealth One Credit Union from releasing any funds in accounts numbered 347678-0 and 198601, hereinafter "accounts," both of which were in Hines' name.

The officers delivered the proposed order from the Commonwealth's Attorney's Office to another Assistant Commonwealth's Attorney who was at the City of Staunton General District Court. The Assistant Commonwealth's Attorney presented the proposed order to Judge A. Lee

McGratty of the General District Court of the City of Staunton. The officers were not present when the Assistant Commonwealth's Attorney presented the order to the Judge nor were they privy to the information that the Attorney shared with the Judge. After this meeting with the Attorney, Judge McGratty signed the order on March 21, 2003, freezing the accounts.

Hines and the Commonwealth of Virginia entered into a plea agreement for the two counts of distribution of crack cocaine and the count of intent to distribute crack cocaine on November 24, 2003. Pursuant to the plea agreement, Hines pled guilty to one count of distribution of cocaine and one count of possession with intent to distribute cocaine. Hines also forfeited certain Fourth Amendment rights and paid $10,156 in fines and court costs from the funds in the accounts. The Commonwealth asked the Circuit Court to *nolle prosequi* the second distribution charge, recommended a sentence including 12 years in prison, with seven years suspended, 12 years probation, to run concurrently with the period of confinement, and supervised probation upon Hines' release from incarceration, and returned to Hines all funds in the accounts that were in excess of the $10,156 paid to the court for fines and costs. The court accepted Hines' plea agreement as knowingly and voluntarily made.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIFTH, SIXTH, OR SEVENTH AMENDMENT

In the plaintiff's original complaint, Hines claims that Officers Bird and Kincheloe violated his Fifth, Sixth, and Seventh amendment rights. Hines never explains what provisions of the alleged amendments the officers violated, nor does he explain how the amendments themselves relate to the officers or the restraining order against the accounts in any way. The only provision of the Fifth Amendment of the United States Constitution that could be relevant to the plaintiff's claim, the due process clause, is only applicable to actions initiated by the federal government and does not include actions taken by state governments. As the freezing of the accounts was a state-initiated proceeding in the courts of the Commonwealth of Virginia, the Fifth Amendment due process clause is inapplicable here.

Hines also alleges violations of his Sixth Amendment rights. Again, the plaintiff does not explain what provision of the Sixth Amendment the officers violated by pursuing the restraining order on his bank accounts. The Sixth Amendment provision concerning the effective assistance of counsel in criminal proceedings seems to be most relevant to Hines' complaint. The plaintiff alleges that the restraining order on his bank accounts denied him the opportunity to hire counsel of choice and thus led to his convictions. I find that this claim attacks the underlying conviction of Hines and is not actionable in this civil proceeding initiated against the defendants. Heck v. Humphrey, 512 U.S. 477, 481-483 (1994).

Finally, plaintiff alleges violations of his Seventh Amendment rights. The Seventh Amendment guarantees a right to a trial by jury in certain circumstances. Again, Hines fails to address how the amendment relates to his claim against the defendants. Regardless, the provisions of the Seventh Amendment are not applicable to matters decided in state court. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 719 (1999).

### III. THE PLAINTIFF'S COMPLAINT WILL BE LIBERALLY CONSTRUED AS A FOURTH AMENDMENT VIOLATION

Hines is a Virginia inmate who is proceeding pro se and he drafted his complaint without the benefit of counsel. As such his complaint shall be liberally construed from the facts alleged and Hines shall benefit from any reasonable inferences the facts allow. Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d. 652, 92 S. Ct. 594 (1972). Hines alleges the officers illegally seized his bank accounts and that the SPD failed to supervise and instruct the officers as to the proper procedures regarding seizures. Taking the allegations in the light most favorable to plaintiff, I find that plaintiff's claim arises, if at all, under the Fourth Amendment to the United States Constitution.

The Fourth Amendment protects citizens from unreasonable searches or seizures. A search or seizure is reasonable if it is carried out pursuant to a warrant that is supported by an

4

oath or affirmation and is founded on probable cause. The order prohibiting CommonWealth One Credit Union from releasing any funds in Hines' bank accounts was a seizure that satisfied the requirements of the Fourth Amendment. United States v. Leon, 468 U.S. 897, 926 (1984).

### IV. THE OFFICERS ARE PROTECTED BY QUALIFIED IMMUNITY SHIELDING THEM FROM CIVIL DAMAGES LIABILITY IN THEIR INDIVIDUAL CAPACITIES

Qualified immunity protects government officials from civil suits for damages arising out of the exercise of their discretionary functions. Gould v. Davis, 165 F.3d. 265, 269 (1998). A government official is entitled to qualified immunity if his actions do not violate a clearly established statutory or constitutional right of which a reasonable person in his position would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d. 396, 102 S. Ct. 2727 (1982). I must apply a three part analysis in determining whether or not a government official is entitled to qualified immunity in a particular case. Smith v. Reddy, 101 F.3d 351, 355 (4th Cir. 1996). First, there must be an identifiable alleged violation of a constitutional right. Second, the contours of the right must be clearly established at the time of the alleged violation. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The third aspect of the analysis falls on whether or not a reasonable person in the officers' position would have known that their actions violated the established right. Smith 101 F.3d at 355.

#### A. THE FOURTH AMENDMENT IS AN ESTABLISHED RIGHT THAT THE PLAINTIFF ALLEGES HAS BEEN VIOLATED AND THE RIGHT EXISTED AT THE TIME OF THE ALLEGED VIOLATION

As indicated earlier the plaintiff's complaint shall be construed as raising a Fourth Amendment claim. Hines had, at all times relevant to this complaint, a reasonable expectation that his bank accounts would not be subject to illegal seizures. United States v. Knotts, 460 U.S. 276 (1983). A lawful seizure is based upon a probable cause determination that is supported by an oath or affirmation. United States v. Leon, 468 U.S. 897, 926 (1984). In this case, the

5

officers never presented any testimony or evidence to Judge McGratty, as the Assistant Commonwealth's Attorney spoke to the judge.

For the purposes of a qualified immunity analysis for the officers in their individual capacity, I do not need to evaluate the sufficiency of the probable cause determination made by the Judge, I will presume without finding that the plaintiff alleges a violation of his Fourth Amendment rights. Id. at 356. Furthermore, I can conclude with certainty that the right to be free from unreasonable searches and seizures was well established at the time of the alleged violations. Id. at 356. The relevant determination here is whether or not the officers could have reasonably believed that there was probable cause sufficient to obtain a warrant and that their actions did not violate Hines' constitutional rights. Anderson, 483 U.S. 635, 638-639 (1987).

Neither officer gave an oath or affirmation in support of the order prohibiting CommonWealth One Credit Union from releasing any funds. The Assistant Commonwealth's Attorney and Judge McGratty know the extent of the probable cause determination, if any, that the court undertook before issuing the order. The officers were not involved in this stage of the issuance of the order nor were they privy to the discussions between the Judge and the Commonwealth's Attorney, although in all likelihood they should have been included in the proceedings. The officers are not at fault for any omissions by Judge McGratty or the Commonwealth's Attorneys regarding a probable cause determination.

**B.  THE OFFICERS' REASONABLY BELIEVED THAT THERE WAS PROBABLE CAUSE SUFFICIENT TO PURSUE A WARRANT**

When analyzing the sufficiency of a probable cause determination it is necessary to analyze the totality of the circumstances surrounding the determination. Illinois v. Gates, 462 U.S. 213 (1983). In pursuing the order to freeze the bank accounts at CommonWealth One Credit Union the officers reasonably believed that there was probable cause that the money in the accounts was connected to Hines' illegal drug activity. At the time of Hines' arrest, the officers

6

came to the conclusion the bank accounts contained over $22,000.[1] Furthermore, the officers confiscated 5.483 grams of crack cocaine that were in Hines' possession. In addition to the crack cocaine found in Hines' possession, the officers were also privy to two separate transactions for crack cocaine that occurred approximately two months earlier. In an affidavit supporting the probable cause determination for the initial search warrant of Hines, an informant also told the officers that Hines made weekly trips to the Staunton area to sell over 2 ounces of crack cocaine each time. With evidence that Hines had undertaken such a lucrative business endeavor in drug trafficking, the officers reasonably concluded that the money in the accounts could easily have been the fruits of his illegal drug trade. Additionally, the officers had a good-faith belief that if the money was not restrained quickly it would dissipate before an order prohibiting the use of the funds could be issued. This fact emphasizes the point that the officers reasonably believed that they did not have enough time to fully investigate exculpatory evidence that could have cleared the accounts. Wadkins v. Arnold, 214 F.3d 535, 541 (4th Cir. 2000). In this case, the officers could reasonably have concluded, from all the information known to them at the time, that the money in the bank accounts was derived from illegal activity and that probable cause existed to pursue a warrant.

Furthermore, the officers discussed the issue with their supervisor at the Staunton Police Department who advised them to consult with the Commonwealth's Attorney's Office. The Assistant Commonwealth Attorney that they spoke to was the person who actually drafted the order to prohibit access to the accounts. The officers took the proposed order to another Assistant Commonwealth Attorney at the General District Court in Staunton, who actually presented it to Judge McGratty, who signed the order. The officers' reliance on the Assistant Commonwealth's Attorneys and Judge McGratty does not absolve the officers of liability if their conduct clearly violated Hines' rights; but the fact that both the Judge and the attorneys, through

---

[1] The officers came to this conclusion from the bank receipts found in Hines' car during his arrest.

a judicial determination, agreed with the officers' conclusions weighs heavily in the officers' favor. Wadkins, 214 F.3d at 542 (4th Cir. 2000).

As such, I find that the officers' belief that there was probable cause sufficient to pursue a warrant limiting access to Hines' bank accounts is legitimate given the totality and nature of the circumstances. The officers are entitled to qualified immunity in this case, are protected from 42 U.S.C. § 1983 civil damages, and are entitled to judgment as a matter of law in this proceeding.

### V. HINES HAS FAILED TO STATE A CLAIM AGAINST THE STAUNTON POLICE DEPARTMENT UPON WHICH RELIEF CAN BE GRANTED.

Hines has named as a defendant the Staunton Police Department for their failure to train and supervise their officers. For such a claim to be successful, Hines must demonstrate that the SPD possesses a policy, practice, or custom that condoned or authorized the knowing violation of constitutional rights by their officers. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Hines has failed to allege that the SPD does in fact have any such policy. The only allegation that Hines has made is that the SPD does not train or supervise their officers. In this case, however, the officers' supervisor directed them to consult with the Commonwealth's Attorney. This policy of consulting with the Commonwealth's Attorney cannot be said to be violative of one's constitutional rights. As such, the SPD is entitled to judgment as a matter of law.

### VI. CONCLUSION

The defendants, Officer Kincheloe and Officer Bird, are protected by qualified immunity in this case and are entitled to judgment as a matter of law. The defendant, SPD, is also entitled to judgment as a matter of law as the plaintiff has failed to allege any claim upon which relief may be granted.

8

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 15th day of ~~June~~ July, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge